UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

_____

In re:
Michael Fody, III                                    Bky No. 12-45009 (RJK)
                                                            Chapter 7
Paul M. Gayle-Smith
Plaintiff
                                                     Adv. Proc. No. 12−04298

v.

Michael Fody, III
Defendant

_____

**DEFENDANT'S TRIAL MEMORANDUM**

Michael Fody, III respectively submits this trial memorandum. The defendant filed a petition for relief under Chapter 7 of the United States Bankruptcy Code on August 29, 2012. The plaintiff filed a complaint seeking to except from discharge an unspecified amount under 11 U.S.C. § 523 (a)(2)(A).

**FACTS**

The defendant will testify to the following facts. The plaintiff is an attorney who represented the defendant in a family law case in New Mexico. The plaintiff charged by the hour for his representation. Over the course of several years the defendant paid, according to the plaintiff, $16,000 for the plaintiff's representation. Due to financial hardships including unemployment, the defendant fell behind on payments to the plaintiff. When the defendant filed his petition for bankruptcy relief he was not sure how much he actually owed the plaintiff but estimated his debt to the plaintiff was $70,000. The plaintiff alleges that the defendant made false representations to induce the plaintiff to represent him. The defendant denies this.

1

# ARGUMENT

**I.     The plaintiff cannot meet his burden to except the defendant's debt to him from discharge under 11 U.S.C. 523(a)(2)(A).**

Section 523(a)(2)(A) provides:

> (a) A discharge under section 727, 141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –
>
> (2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

See U.S.C. § 523(a)(2)(A).

In the Eighth Circuit, an exception to discharge is established under § 523(a)(2)(A) when the plaintiff can prove the following five elements:

1. The debtor made a [false] representation;

2. The debtor knew the representation was false at the time it was made;

3. The representation was deliberately made for the purpose of deceiving the creditor;

4. The creditor justifiably relied upon the representations; and

5. The creditor sustained the alleged loss as the proximate result of the representation having been made.

*R & R Ready Mix v. Freier*, 604 F.3d 583, 587 (8th Cir. 2010).

Exceptions to discharge are construed narrowly. The burden of proving that a debt falls within a statutory exception is on the party opposing discharge. *Belfry v. Cardozo*, 862 F.2d 661, 662 (8th Cir. 1988). Actual fraud consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and

2

cheat another. *Merchs. Nat'l Bank of Winona v. Moen*, 238 B.R. 785, 790 (8th Cir BAP 1999.

      **a.**    **The plaintiff's claim fails because there was no false representation.**

The evidence at trial will establish there simply was no false representation in this case. Rather, this was a typical attorney client relationship where the client would periodically pay for the attorney's service. By the plaintiff's own admission he was paid $16,000 for her services. Since the plaintiff filed his adversary complaint in this case *over six months* ago he has yet to provide an example of a specific false representation that the defendant made at all let alone a false representation that was meant to induce the services of the plaintiff. The plaintiff not only failed to plead with sufficient particularity the alleged fraudulent inducements, he failed to cite one specific statement or provide one specific document substantiating his claims during discovery. Without this evidence the plaintiff's case fails.

The plaintiff alleges that the defendant promised to use certain assets to pay the plaintiff. This argument is belied by e-mail correspondence between the plaintiff and defendant regarding payment on the defendant's account. In these emails (before and after the defendant's filing for bankruptcy) there is no mention of the defendant selling certain assets or giving them to the plaintiff for his services. There is no complaint of a fraudulent inducement for the plaintiff to provide services to the defendant. Rather, the correspondence shows the defendant made payments when he could, something he did throughout the course of the parties' relationship.

      **b.**    **The plaintiff's claim fails because any promise to pay was made after the services of the plaintiff were rendered.**

Even if the defendant conceded he made statements about selling some assets to pay his debt to the plaintiff (which he does not) those statements were made *well after* the debt was incurred. In order for the defendant's debt to the plaintiff to be excepted from discharge under § 523(a)(2)(A) the alleged misrepresentation must be contemporaneous with obtaining the money, property, services or credit. *In re Glen*, 427 B.R. 488 (BAP 8th Cir. 2010). That was not true in this case.

In this case, the defendant actually paid the plaintiff $16,000 for services which shows that the parties intended for the defendant to pay the plaintiff for his time with money after the services were rendered. The plaintiff did just that and then he fell behind on his bill and could not afford to pay the plaintiff. Whatever statements made by the defendant about payment *after* the debt began to accumulate are irrelevant to the § 523(a)(2)(A) inquiry because they would have been intended to be applied to the past due debt, not an inducement for future services.

## CONCLUSION

The evidence at trial will establish the defendant's debt to the plaintiff should not be excepted from discharge.

DAVE BURNS LAW OFFICE, LLC

Dated: June 10, 2013                /e/ David M. Burns_____
                                    David M. Burns, #337869
                                    475 Grain Exchange North
                                    301 Fourth Avenue South
                                    Minneapolis, MN  55415
                                    (612)677-8351

                                    *Attorney for Defendant*

## UNSWORN DECLARATION FOR PROOF OF SERVICE

    I, David M. Burns, attorney of Michael Fody, III declare that on June 10, 2013, I served the DEFENDANT'S TRIAL MEMORANDUM on all filing users of this case by electronic mail via the court's CM/ECF server.

                                                 DAVE BURNS LAW OFFICE, LLC

Dated:  June 10, 2013                          /e/ David M. Burns

                                                 David M. Burns  #337869
                                                 475 Grain Exchange North
                                                 301 Fourth Avenue South
                                                 Minneapolis, MN   55415
                                                 (612) 677-8351

                                                 *Attorney for Defendant*