UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Michael Fody, III                                                                  BKY 12-45009 (RJK)

              Debtor
-----------------------------------------

Paul M. Gayle-Smith                                                         ADV  12−04298

             Plaintiff
v.

Michael Fody, III

             Defendant
_____

**PLAINTIFF'S TRIAL MEMORANDUM**

Plaintiff, Paul M. Gayle-Smith, respectively submits this trial memorandum. Defendant Michael Fody III filed a petition for bankruptcy under Chapter 7 of the United States Bankruptcy Code on August 29, 2012 seeking discharge of a debt otherwise owed to Plaintiff and listed as $70, 000 (actually $173, 265). Plaintiff filed the subject complaint to prevent improper discharge of Debtors' substantial debt based on the misrepresentations and actual fraud in the procurement of the credit from Plaintiff under 11 U.S.C. § 523 (a)(2)(A).

**FACTS**

Plaintiff, an attorney, represented Defendant in a family law case in New Mexico from 2007 until 2012. Plaintiff's legal representation of Debtor was initially governed by a written fee

agreement entered on December 11, 2007 until Defendant breached the agreement in January 2008. Several months after breaching the fee agreement, Defendant fraudulently induced Plaintiff to extend credit to him in form of continued legal representation by making various promises regarding specific items of real and personal property which he claimed to own and would sell (in whole or in part) to cover any unpaid attorney fees after the trial. Over the course of several years the Defendant paid Plaintiff only $16,000 which constitutes less than 10% of the total debt he owes Plaintiff for the substantial and successful legal representation. When Plaintiff reviewed Defendant's petition for bankruptcy he realized that Debtor claimed not to own any real property and to own less than a fraction of other assets and more than a sufficient amount of other assets with which to repay at least a substantial portion of the legal fee earned by Plaintiff.

## ARGUMENT

**I. Defendant's legal fees should not be discharged because of fraud under 11 U.S.C. 523(a)(2)(A).**

Section 523(a)(2)(A) provides:

(a) A discharge under section 727, 141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
See U.S.C. § 523(a)(2)(A).

In the Eighth Circuit, an exception to discharge is established under § 523(a)(2) (A) when the plaintiff can prove the following five elements:

1. The debtor made a [false] representation;

2. The debtor knew the representation was false at the time it was made;

3. The representation was deliberately made for the purpose of deceiving the creditor;

4. The creditor justifiably relied upon the representations; and

5. The creditor sustained the alleged loss as the proximate result of the representation having been made. *R & R Ready Mix v. Freier*, 604 F.3d 583, 587 (8th Cir. 2010).

Actual fraud consists of any deceit, artifice, trick or design involving direct and active operation of the mind, used to circumvent and cheat another. *Merchs. Nat'l Bank of Winona v. Moen*, 238 B.R. 785, 790 (8th Cir BAP 1999.

   a. **Defendant made false representations.**

Defendant fraudulently induced Plaintiff to extend credit to him in form of legal representation by making various promises regarding specific items of real and personal property which he claimed to own and would sell (in whole or in part) to cover any unpaid attorney fees after the trial. Defendant mentioned specific real property in Kentucky or somewhere and mentioned specific stock , IRAs. TIAA CREF and other retirement accounts. Although Plaintiff never received copies of the accounts, he reasonably relied on Defendants' false representations to first agree to represent Defendant and then to continue to represent him after Defendant failed to pay legal fees for more than five months in 2008. Plaintiff specifically included a 20% interest rate because of the possibility that he might have to wait longer otherwise to receive full-payment because of the promises to partially liquidate Defendant's assets only after trial.

**b. Defendant's false representations and promises to pay using specific assets were made before the services of Plaintiff were rendered.**

Defendant's debt to the Plaintiff must be excepted from discharge under § 523(a)(2)(A) because the false representations preceded and induced obtaining the credit from Plaintiff. *In re Glen*, 427 B.R. 488 (BAP 8th Cir. 2010). Although Defendant paid Plaintiff $16,000 he was in at least

$2000 of arrears within 30 days of entering the fee agreement in December 2007 and his misrepresentations regarding his assets and intention to sell them to pay his debt intentionally induced Plaintiff to continue to extend credit to him for several years.

## CONCLUSION

The evidence at trial will establish the Defendant's substantial debt to Plaintiff should not be discharged because of fraud in the inducement to extend credit in violation of 11 U.S.C. 523(a)(2)(A) and other relevant federal law.

**RESPECTFULLY SUBMITTED** this 11th day of June 2013.

/e/ Paul M. Gayle-Smith
_____
**PAUL M. GAYLE-SMITH, Pro Se**

Law Office of Paul M. Gayle-Smith
2961 Sundance Circle
Las Cruces, NM 88011
t. 575.522.8300   f. 866.324.3783
elawyer@gayle-smith.com
Pro Se

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF MINNESOTA

**In re:**

**Michael Fody III,**                                                                                    **BKY 12-45009-RJK**

     **Debtor**

-------------------------------------------------------------

**Paul M. Gayle-Smith,**                                                                          **ADV 12-4298**

     **Plaintiff,**

**v.**

**Michael Fody III,**

     **Defendant.**

## CERTIFICATE OF SERVICE

I certify that I filed the foregoing document via the court's electronic filing system which resulted on service on all parties of record, including on counsel for Defendant, Dave Burns, on this day, June 11, 2013.

                                                                                   LAW OFFICES OF

                                                                                   P A U L   M .   G A Y L E - S M I T H

                                                                                    2961 Sundance Circle
                                                                                   Las Cruces, NM 88011-4609
                                                                                  tel. 575.522.8300 fax. 866.324.3783
                                                                                   elawyer@gayle-smith.com

                                                                                  By: /e/ Paul M. Gayle-Smith
                                                                                  Paul M. Gayle-Smith
                                                                                  Pro Se