UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

**In re:**

**Michael Fody, III**                                                                                           BKY 12-45009 (RJK)

                **Debtor**
-----------------------------------------

**Paul M. Gayle-Smith**                                                                                  ADV  12−04298

                **Plaintiff**

**v.**

**Michael Fody, III**

                **Defendant**
_____

## AFFIDAVIT OF PAUL M. GAYLE-SMITH
## SANCTIONS HEARING

Under penalty of perjury, I state that I have personal knowledge of the following facts:

1. Before filing my motion for a trial continuance I engaged in discussions with the debtor's counsel who initially told me that his client would agree to a trial continuance with certain conditions. I agreed to those conditions (in effect) but debtor's counsel subsequently informed me that his client would not agree to continue the trial, after all.

2. I meant no disrespect to anyone by filing a motion for continuance of the trial in this case. In addition, for the reasons stated below, I do not believe that I have caused any unfair or unnecessary harm to any party, person or the court by filing my motion for a trial continuance.

3. I have never before been subjected to sanctions (or even a sanctions hearing) after having filed a motion for a trial continuance or for a continuance of any kind.

4. I substantially complied with the court's Amended Order for Trial dated March 21, 2013. Specifically, I engaged fully with counsel for the debtor and was very timely in all my responses to him.[1] In fact, I informed counsel for the debtor during a conference regarding trial exhibits and stipulations of fact that we both had an obligation to further narrow the issues for trial and agree to as many relevant facts as possible. As I stated in my motion for a trial continuance, I believed that it was in the best interests of judicial efficiency for the court to grant a continuance of the trial to permit counsel to work together better to prepare the case for an efficient and just trial of the issues.

5. As more evidence of my good faith, I filed a trial memorandum within 12 hours of the court's order denying my motion for continuance. In addition, I filed a memorandum of conclusions of law and fact, an exhibit list and a witness list all before 8 a.m. CDT on June 12, 2013 i.e. within 20 hours (in effect) of when they would have been due had I not filed a motion for a trial continuance.

6. Litigation of this case has not been unreasonably delayed by my filing of a motion for continuance or by my filing of all required documents either the same day or within approximately 20 hours as explained herein.

7. I have acted in good faith throughout this litigation and do not deserve to be punished because my motion was denied in the circumstances explained herein. In addition, I am the victim of fraud by the debtor and it would not serve justice to punish me for an honest mistake of believing I had good grounds for a trial continuance.

---

[1] I have attached a few emails to show my compliance and cooperation with opposing counsel in advance of the court's unexpected denial of my motion for a trial continuance.

8. The debtor has suffered no unfair prejudice to his trial preparation because he received full cooperation consistent with the court's Amended Order and received copies of all due documents just 24 hours later than expected. Specifically, debtor only filed his trial documents just before midnight on June 10, 2013 (in effect by first thing Tuesday morning) and I filed my trial documents by first thing Wednesday morning, as explained herein.

9. I filed a motion for a continuance of trial on June 10, 2013 and I expected it to be granted, or at least ruled upon, within two hours, as my only other motion was on March 21, 2013. My motion was not ruled upon until more than 24 hours later. Had the court ruled as expected I would have had the opportunity to fully comply with the court's Amended Order.

10. Again, I never imagined that the court would deny my motion for trial continuance. I have never practiced in this court before and am unfamiliar with its practices and personality.

11. My mother has an unknown form of cancer that is likely to be terminal. It has taken a toll on my legal practice and my own health.

12. I am a sole practitioner and I spent several weeks away from my law practice in New Mexico visiting with my mother and my father in New York State.

13. It has been very difficult catching up with my other cases in which I advocate for other people. I made the mistake of putting my own case on the back burner while I worked to protect the rights of other people.

14. Debtor would still owe me $173, 264.78 if not for his voluntary petition for bankruptcy. If not for his fraud in 2007 and 2008, debtor would owe me nothing or much less, no

doubt. Because the viability of my legal practice depends upon being paid in full for the work I have done (and done well) and because those who defraud creditors should be opposed I wanted to prepare for the trial to the best of my ability in the circumstances.

15. Because I acted in good faith and had no reason to know that the court would not grant my motion for a continuance, I do not believe sanctions would serve any legitimate purpose.

16. Again, I filed all required pre-trial documents within 20 hours of the court's order denying my motion for a continuance.

17. I have acted in good faith and I meant no disrespect to the judge, the court, the court clerks or anyone else. Nor have I caused any unfair harm to counsel for the debtor, to the debtor himself or to his legitimate interests regarding this case.

18. For all of the above stated reasons, I respectfully request that the court not impose any sanctions against me or my case because they are not needed and would not be appropriate in this situation.

June 13, 2013

/e/ Paul M. Gayle-Smith
Paul M. Gayle-Smith

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:

Michael Fody, III                                                                      BKY 12-45009 (RJK)

                Debtor
-----------------------------------------

Paul M. Gayle-Smith                                                               ADV  12−04298

                Plaintiff
v.

Michael Fody, III

                Defendant
_____

## **CERTIFICATE OF SERVICE**

I certify that I filed the foregoing affidavit via the court's electronic filing system which resulted on service on all parties of record, including on counsel for Defendant, Dave Burns, on this day, June 13, 2013.

                                              /e/ Paul M. Gayle-Smith
                                        ---------------------------------------
                                        Paul M. Gayle-Smith
                                        Pro Se

                                        LAW OFFICES OF
                                        P A U L   M .   G A Y L E - S M I T H

                                        2961 Sundance Circle
                                        Las Cruces, NM 88011-4609
                                        tel. 575.522.8300
                                        fax. 866.324.3783
                                        elawyer@gayle-smith.com